(Lucas County Court of Common Pleas.)

JAMES SECOR, TRUSTEE, *v*. THE MAUMEE ROLLING MILL CO. ET AL.

---

The property of a corporation was sold under a foreclosure decree to a director of the corporation for the sum of $43,335, which was much less than its real value. Before confirmation of sale, a bondholder, whose bonds were secured by the mortgage foreclosed, moved to set aside the sale, and offered adequate security that he would bid on the property, in case it should again be offered for sale, at least the sum of $48,500. *Held*, That under the circumstances of the case, the sale should be set aside. The question whether the sale was voidable by reason of the fact that the purchaser was a director, was considered, but not decided.

(Decided October, 1894.)

---

Decision on motion to set aside sale.

PUGSLEY, J.

This action was brought to foreclose a mortgage given by the Maumee Rolling Mill Co., a corporation, to secure payment of the bonds of the company amounting to the sum of $100,000. The case is before the court upon a motion by Henry Worthington, who is the owner of $26,600 of these bonds, to set aside the sale made by the sheriff under the foreclosure decree, and also on a motion by the plaintiff to confirm the sale. The property was appraised at the sum of $65,000, and was sold upon the 29th of September

last, to Alvin Peter, trustee, for the sum of $43,335, which is $1.67 more than two-thirds of the appraised value. The amount which was found to be due by the decree upon the bonds, was the sum of about $110,000, and that sum draws interest from the 1st day of July, 1894. Alvin Peter, the purchaser, was a director of the company, and its president, having been elected to that office on the day before the sale. He bought the property for four stockholders, and also for the benefit of such other stockholders residing in Toledo as might choose to become interested in the purchase. Three of these four stockholders were directors, and two of them held bonds secured by this mortgage, amounting to the sum of $4,500.

The grounds principally relied upon in support of the motion to set aside the sale are, first, that the property was sold for much less than the real value; and second, that the directors of the corporation were incapacitated by law from purchasing the property, and that the sale to them is voidable for that reason alone, upon an objection which is seasonably made by a bondholder.

I will say that upon the questions of law which are involved in this last proposition, I have examined the numerous authorities cited, and a large number not cited. The decisions are not harmonious; and in view of that fact, and of the further fact that the testimony as to the manner in which this purchase was made is meager, I find the question which is raised upon this branch of the case to be somewhat difficult. It is stated quite broadly in the text-books and some reported cases, that a director of a corporation cannot purchase its property, either directly or indirectly, and that no inquiry will be made as to whether or not the purchase was fairly or honestly made, or as to whether or not it was purchased at an adequate price. The ground upon which this rule is asserted is, that the director is a trustee for the corporation and its stockholders and its creditors, and that his duty as such trustee is in conflict with his interest as a purchaser. As a trustee it is said his duty is to exercise the utmost good faith, and to make all reasonably diligent efforts to sell the property at the highest price obtainable; while, as a purchaser, his interest is to obtain the property for himself at the lowest price possible. The weight of authority, even among those cases which lay down this broad rule, is that such a purchase is not void, but voidable only—that is, it will be set aside upon an objection made by a beneficiary, if the objection is made within a reasonable time; and it is held that such an objection may be made by the corporation or by its stockholders. It is not so clear that it may be made by a creditor; but on principle, I see no reason why the owner of the bonds secured by the mortgage foreclosed, may not, in a proper case, question the validity or the propriety of the sale.

This rule, so broadly stated as I have said, will be found on examination to be subject to some exceptions or modifications. For example, it is quite generally held that a director may, in good faith, loan money to the corporation and take a mortgage upon its property to secure payment of the loan, and that he may foreclose the mortgage and bid on the property the same as a stranger. It is true, he is not thereby divested of his responsibility as a director, and all his transactions will be closely scrutinized; but if the sale was fairly made, and at an adequate price, and no artifice was employed, and no undue advantage taken, the sale will be upheld. I do not know that any court has held that a holder of bonds secured by a mortgage upon the property of the corporation, of which he is a director, may buy the property at foreclosure sale; but if the bonds were purchased in good faith, to further the interests of the corporation, and if the sale was fairly made, at an adequate price, to protect the interests of the bondholders, and not for speculative purposes, I think that under the decisions the sale would be unobjectionable, especcially if the sale is duly made by

a trustee selected by the corporation, and if the director has no control over the sale.

I think enough has been said to show that each case must depend, in a great measure, upon its own facts and circumstances. And by reason of the fact already stated, that the testimony upon this subject is quite meager, I am not prepared to say that the mere fact that the purchasers, or some of them, were directors, renders the sale voidable. But however that may be, it is well settled that when it is sought to set aside a sale on the ground of inadequacy of price, the court in the exercise of a sound discretion, and for the purpose of reaching a just conclusion, will consider the relations of the purchasers to the property, and the character of the property, and what efforts, if any, were made to find purchasers, and all the facts and circumstances of the case. The court will consider also the apparent rights of the purchasers and of others who are interested; and will consider whether or not any injustice will probably be done in confirming the sale or in refusing to confirm it. Mere inadequacy of price, unaccompanied by any other reason or cause, is not sufficient ground for setting aside a sale, which has been regularly made in accordance with the forms of law. The rule on this subject, as generally stated, is, that mere inadequacy of price will not justify a refusal to confirm the sale, unless it is so gross as to furnish evidence of fraud, or misunderstanding, or mistake, or unless it is such as to raise a conviction that the property was unnecessarily sacrificed.

I shall not undertake to review the testimony in this case as to the value of this property. As is usual in such cases, witnesses who are equally reliable and candid differ very widely. Their estimate of the value of this property varies from $65,000, the amount of the appraisal, to $100,000 and over. I think it may fairly be concluded from the weight of the testimony that the property was worth at the time of the sale at least from $70,000 to $85,-000. In this connection there is a fact which is entitled to special consideration, and which is perhaps the decisive and controlling fact in the case. During the hearing of the motion a proposition was submitted in behalf of the petitioner to bid upon the property, in case it is again offered for sale, at least the sum of $48,5000, which is an advance of more than $5,000 over the price at which the property was sold; and that proposition was accompanied by an offer to deposit $5,000 in cash, in such manner as the court should direct, as security for the fulfillment of the proposition. The cash so offered is considerably more than sufficient to cover all the interest and all the additional expense which will accrue before the property can again be offered for sale. In the case of *Cable* v. *Mitchell*, 9 W. Va. 492, it is held that the offering to the court of a large amount in advance of the price bid, with security, is generally the very best evidence of the great inadequacy of the price bid at the sale. In that case the price bid was $11,000; the advance offered was $1,100, or ten per cent., and the sale was set aside. In the case of *Nugent* v. *Nugent*, 54 Mich. 577, it was held that a foreclosure sale may properly be re-opened for gross inadequacy of price, if the petitioner for re-sale gives bond to produce a purchaser at·a higher price. While the reported cases are numerous in which the court has refused to set the sale aside upon mere differences of opinion as to the value, the refusal is most generally put upon the ground that no assurance is given that the property will bring more upon a re-sale.

In view of all the circumstances of the case, I think that this proposition cannot justly be disregarded. All parties will be benefited by a re-sale, even if the property brings no more than the sum offered, and there is a possibility of its bringing more. The fact, if it is a fact, that the purchasers will lose a good bargain, ought not, in view of their relations to the company, to weigh against the manifest benefit to be derived from the sale

of the property at the price offered or at a higher price. The motion to set aside the sale will therefore be granted, if within a reasonable time this proposition is put into satisfactory form. In lieu of depositing a certified check on a Cincinnati bank, I suggest that there be furnished a certificate of deposit in a Toledo bank, which is acceptable to the trustee, payable to the order of the sheriff, or such other person as the parties may agree upon. And I suggest some changes in the form of the written proposition, so that there may be no apparent conflict in the terms of the proposition. For example, the last clause of the proposition reads as follows; "In case the property shall be struck off by the sheriff to some one else, then such check shall be at once returned to me." Of course, the intention is, " if it is struck off to some one else for more than $48,500." So in the clause reading: " In case the property is purchased by me, or a purchaser furnished by me, then such check shall be applied on the purchase price." It means, of course, " In case the property is struck off to me, or to the purchaser furnished by me at $48,500 or more."

The motion to set aside the sale is granted, on condition that the proposal is put in a satisfactory form in one week.